NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROSNA PIERRE, AKA Anna Atur, AKA Rosena Pierre,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No.    20-72078

Agency No. A209-867-055

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 29, 2026[**]

Before:  LEE, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Rosna Pierre, a native and citizen of Haiti, seeks review of a decision by the

Board of Immigration Appeals ("BIA") dismissing an appeal from an Immigration

Judge's ("IJ") denial of her applications for asylum, withholding of removal, and

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

1.      Substantial evidence supports the Agency's adverse credibility determination against Petitioner. Considering the "totality of the circumstances and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), the Agency identified several reasons, supported by substantial evidence in the record, for finding Pierre not credible. *See Kin v. Holder*, 595 F.3d 1050, 1055 (9th Cir. 2010). Specifically, the Agency reasonably concluded that inconsistencies between Pierre's testimony at her removal hearing and her sworn statement severely undermined her credibility as a witness. *See id.* The Agency also reasonably determined that the IJ's assessment of Petitioner's demeanor and responsiveness during questioning supported an adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (recognizing that IJs "are in the best position to assess demeanor and other credibility cues").

2.      Substantial evidence supports the Agency's conclusion that Petitioner did not demonstrate eligibility for asylum or withholding of removal through independent documentary evidence. The Agency reasonably concluded that the identity documents, death certificate, court minutes summarizing the statement of her house being burglarized, and country conditions evidence did not

2

independently demonstrate that Pierre was or will be persecuted in Haiti.

3.      Even if Petitioner had testified credibly, the Agency reasonably concluded that she is not eligible for asylum or withholding of removal.  *See Sharma v. Garland*, 9 F.4th 1052, 1059–1060 (9th Cir. 2021).[1]  Pierre has not demonstrated that her proposed particular social groups—defined as "Haitian female," "Haitian single female head of household," and "Haitian women who, in accordance with social and religious norm[s] in Haiti, were accused of being immoral criminals and thus face the prospect of being killed without any protection from the Haitian government"—are cognizable or distinct within Haitian society. *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 236 n.11, 239-40 (BIA 2014).

Nor has Petitioner demonstrated that her membership in a social group was a reason for her claimed harm.  *See Garcia v. Wilkinson*, 988 F.3d 1136, 1146 (9th Cir. 2021).  Instead, as the BIA found, she was targeted because of jealousy from her former romantic partner, not on account of her membership in her proposed particular social groups.  *See Madrigal v. Holder,* 716 F.3d 499, 506 (9th Cir. 2013) (explaining that "mistreatment motivated purely by personal retribution will not give rise to a valid asylum claim"); *see also Molina-Morales v. INS*, 237 F.3d

---

[1] Petitioner did not challenge the IJ's denial of her political-opinion claim before the BIA or this court and this claim is therefore waived.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

1048, 1051-52 (9th Cir. 2001) (personal disputes are not grounds for protection unless connected to a protected ground).

4.      The Agency did not err in finding that Pierre had not established a well-founded fear of future persecution in Haiti because she has not shown that she cannot reasonably relocate to another part of the country.  *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004).  Pierre lived with her sister for approximately six months before leaving Haiti, and did not claim that she was harmed during this time.

5.      Substantial evidence supports the Agency's denial of Pierre's CAT claim.  To qualify for CAT protection, a petitioner must show it is "more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 208.16(c)(2).  Pierre did not present any credible evidence that she was physically harmed in Haiti.  Nor has she met her burden to show that it is more likely than not that she would be tortured in Haiti by, or with the consent or acquiescence of any public officials through other independent evidence.  *See Kalulu v. Bondi*, 128 F. 4th 1009, 1023 (9th Cir. 2024) (explaining that a petitioner found noncredible may be entitled to relief if independent evidence supports her claims).

**PETITION DENIED.**[2]

---

[2] The motion for a stay of removal, Dkt. 1, is DENIED.